# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LUIS ENRIQUE VAZQUEZ-HERNANDEZ,

    Petitioner,

vs.

JON M. GURULE, et al.,

    Respondents.

Case No. 3:14-cv-00427-RCJ-VPC

**ORDER**

    Petitioner has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action.

    First, it appears that petitioner was not in custody pursuant to a state-court judgment of conviction when he commenced this action. It seems that two judgments of conviction of the Reno Justice Court are at issue. At pages 1 and 2 of the petition, petitioner describes a 2008 conviction for misdemeanor possession of drug paraphernalia. See Nev. Rev. Stat. §§ 453.554, 453.566. In the sole ground for relief, petitioner states that he appeared in court on December 5, 2008. However, attached to the petition is an order of the Nevada Supreme Court dismissing an appeal in Vazquez-Hernandez v. Nevada, Case No. 64345. The court takes judicial notice of the on-line docket of the

Nevada Supreme Court in that case.[1]  That appeal involved a 2010 conviction for misdemeanor domestic battery.  See Nev. Rev. Stat. § 200.485(1).  Petitioner's sentence for the 2008 conviction was time already served in jail.  Petitioner does not allege what his sentence for the 2010 conviction was, but it could not have been more than six (6) months.  Id.  For both judgments, the sentence has expired long before petitioner submitted his habeas corpus petition.  He is no longer in custody pursuant to either of the two judgments of conviction, and the court cannot grant him relief.  Petitioner does appear to be facing immigration consequences from one or both of these judgments,[2] but immigration consequences from a conviction are collateral consequences to the conviction, and thus the person is not in custody for the purposes of 28 U.S.C. § 2254.  Resendiz v. Kovenski, 416 F.3d 952, 957 (9th Cir. 2005), abrogated on other grounds by Chaidez v. United States, 133 S. Ct. 1103 (2013).

Second, it appears that the petition is untimely.  Petitioner had one year from the finality of the judgments of conviction to file a federal habeas corpus petition.  28 U.S.C. § 2244(d)(1)(A).  The time spent on a properly filed state habeas corpus petition does not count toward that one-year period.  28 U.S.C. § 2244(d)(2).  Petitioner did not appeal the 2008 conviction, and it appears that he did not appeal the 2010 conviction.  Petitioner did file a state habeas corpus petition on September 24, 2012.  Regardless of which judgment of conviction he was challenging, the federal one-year period already had expired by that date.  A state post-conviction petition does not toll section 2244(d)(1)'s period of limitations when the period has already expired.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=32530 (report generated October 16, 2014).

[2] At page 2 of the petition, it appears that petitioner states that he is pursuing a petition for review of his removal order in the court of appeals.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

Dated:  January 9, 2015

_____
ROBERT C. JONES
United States District Judge